**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROGER L. LYLE,

                Petitioner,

v.                                CASE NO. 96-CV-70653–DT
                                HONORABLE JOHN CORBETT O'MEARA
LUELLA BURKE,                 UNITED STATES DISTRICT JUDGE

                Respondent,

_____/

## OPINION AND ORDER (1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET, (2) TRANSFERRING THE MOTION TO REINSTATE THE CASE AND ALLOW PETITIONER TO FILE ORIGINAL PETITION FOR WRIT OF HABEAS CORPUS [DKT. # 64] TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A), AND (3) DISMISSING WITHOUT PREJUDICE PETITIONER'S CIVIL RIGHTS CLAIMS

## I. Introduction

Before the Court is petitioner's *pro se* motion to reinstate to the active docket his petition for writ of habeas corpus, in which he again seeks to challenge his 1984 convictions for first-degree felony murder and assault with intent to commit murder. Petitioner seeks to re-open his third habeas petition, which was denied on the merits. For the following reasons, the Court orders the Clerk of the Court to reopen the case to the Court's active docket. The Court further orders that the motion be transfer to the Court of Appeals pursuant to 28 U.S.C. .§ 2244(b)(3)(A). The Court will also dismiss any claims that would be more properly brought pursuant to 42 U.S.C. § 1983 without prejudice.

## II. **Background**

Petitioner has filed several habeas petitions challenging his 1984 convictions for first-degree felony murder and assault with intent to commit murder.

Petitioner's first petition was dismissed without prejudice on exhaustion grounds. *Lyle v. Foltz*, U.S.D.C. 86-74289-DT (E.D. Mich. May 29, 1987). Petitioner's second habeas petition was denied on the merits. *Lyle v. Jabe*, 89-71785-DT (E.D. Mich. April 23, 1990); *appeal dismissed* U.S.C.A. 90-1563/1586 (6th Cir. June 6, 1990); *cert. denied* 498 U.S. 906 (1990). His third habeas petition, which he seeks to reinstate, was also denied on the merits. *Lyle v. Burke*, U.S.D.C. 96-70653 (E.D. Mich. March 27, 1997)(Gilmore, J.); *appeal dismissed* U.S.C.A. 97-2125 (6th Cir. April 28, 1998); *rehearing en banc denied*(6th Cir. June 26, 1998); *cert. denied* 525 U.S. 899 (1998).

In 1999, petitioner filed a motion to reinstate his third habeas petition, as well as several other motions. The Court concluded that it had to treat petitioner's motions as a second or successive habeas petition and transferred the motions to the Sixth Circuit pursuant to 28 U.S.C.§ 2244(b)(3)(A). The Sixth Circuit dismissed the case for want of prosecution because petitioner failed to attach copies of the opinions or reports in his prior habeas cases to his motion. *In Re Lyle,* U.S.C.A. 00-1398 (6th Cir. May 26, 2000).

The Sixth Circuit later denied petitioner permission three times to file a successive petition for writ of habeas corpus. *In Re Lyle,* No. 08-1714 (6th Cir. November 5, 2008); *In Re Lyle,* No. 11-1288 (6th Cir. August 17, 2011); *In Re Lyle,* No. 14-1463 (6th Cir. October 21, 2014).

2

In November of 2014, petitioner filed a motion to reinstate the petition to the Court's active docket.  This Court concluded that petitioner's motion amounted to a successive challenge to his 1984 conviction and on November 20, 2014, the Court transferred the motion to the Sixth Circuit pursuant to 28 U.S.C.§ 2244(b)(3)(A).  The Sixth Circuit denied petitioner permission to file a successive habeas petition. *In Re Lyles,* U.S.C.A. 14-2522 (6th Cir. April 27, 2015).  Petitioner attempted to file an original writ of habeas corpus with the United States Supreme Court, but was denied.

Petitioner has again filed a motion to reinstate the petition for writ of habeas corpus to the Court's active docket.

### III. <u>Discussion</u>

Petitioner seeks to reopen his case and reinstate his original habeas petition.  The Court directs the Clerk of the Court to reopen the case to the Court's active docket in order to facilitate the adjudication of petitioner's motion.

Petitioner filed several prior petitions for a writ of habeas corpus challenging his 1984 convictions for first-degree murder and assault with intent to murder.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).  Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a

3

federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Hervey v. United States,* 105 F. Supp. 2d 731, 735 (E.D. Mich. 2000)(citing *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999)).  When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

   Petitioner once again seeks to re-open his previous habeas petition which was denied by Judge Gilmore.  Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his first petition where it had been dismissed without prejudice on exhaustion grounds, *See In Re Wilson*, 142 F. 3d at 940, petitioner's second and third habeas petitions were respectively dismissed on the merits and for being an abuse of the writ.  Petitioner's motion is a second or successive petition

4

for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization.

Moreover, to the extent that the petitioner is contending that the Sixth Circuit erred in declining to grant him permission to file a second or successive habeas petition, this Court would be without power to grant petitioner relief. A district court lacks the authority to reinstate a habeas petitioner's second or successive petition for writ of habeas corpus after the Court of Appeals declines to grant petitioner leave to file such a petition. *See White v. Carter,* 27 Fed. Appx. 312, 313-14 (6th Cir. 2001).

Accordingly, the Clerk of Court is ordered to transfer the motion for reinstatement to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009). Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

Petitioner also challenges the conditions of his confinement in his habeas petition, claiming that prison officials are refusing him access to the courts by failing to provide him with computers or word processors to prepare his court filings.

Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is

5

a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007).  Complaints like the ones raised by Petitioner which involve conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose,* 483 F. Supp. 661, 672 (E.D. Tenn. 1980)).  An inmate like petitioner should therefore bring a claim which challenges the conditions of confinement under 42 U.S.C.§ 1983. *Id.; See also Austin v. Bell,* 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996).  Petitioner's claim that he is being denied access to the courts or access to legal materials is a challenge to the conditions of confinement which cannot be maintained as a habeas action. *See Allen v. Lamanna,* 13 Fed. Appx. 308, 311 (6th Cir. 2001).  To the extent that petitioner challenges the conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell,* 170 Fed. Appx. 389, 393 (6th Cir. 2006).

The proper course for a district court after it determines that the substance of a state prisoner's *pro se* habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action. *See Martin v. Overton,* 391 F. 3d 710, 714 (6th Cir. 2004).  The Court will dismiss any challenges brought by petitioner against his conditions of confinement without prejudice to his ability to raise them in a

separate action filed pursuant to 42 U.S.C. § 1983.

### IV.  Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly, the Court **ORDERS** the Clerk of the Court to transfer the "Motion To Reinstate Case And Allow Petitioner To File Original Petition For Writ Of Habeas Corpus" [Dkt. # 64] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**IT IS FURTHER ORDERED** that Petitioner's civil rights claims are **DISMISSED WITHOUT PREJUDICE.**


s/John Corbett O'Meara
United States District Judge

Date:  November 12, 2015


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 12, 2015, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager