UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER LYLE,

        Petitioner,

v.                                                       Civil Action No. 96-CV-70653–DT

LUELLA BURKE,                         HONORABLE MARK A. GOLDSMITH

        Respondent,
_____/

**OPINION & ORDER**
**(1) DENYING THE MOTION TO REOPEN, THE RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT AND THE MOTION TO COMPEL (Dkt. 71) AND DENYING THE MOTION FOR SUMMARY JUDGMENT (Dkt. 72)**

Before the Court is Petitioner's pro se motion to reopen, for Rule 60(b) relief from judgment, and to compel, in which Petitioner seeks to reinstate his petition for writ of habeas corpus. Petitioner again seeks to challenge his 1984 convictions for first-degree felony murder and assault with intent to commit murder. Petitioner also filed a related motion for summary judgment. Petitioner seeks to re-open his third habeas petition, which was denied on the merits. For the following reasons, the motions are denied.

**I. BACKGROUND**

Petitioner has filed several habeas petitions challenging his 1984 convictions for first-degree felony murder and assault with intent to commit murder.

Petitioner's first petition was dismissed without prejudice on exhaustion grounds. Lyle v. Foltz, No. 86-74289-DT (E.D. Mich. May 29, 1987). Petitioner's second habeas petition was denied on the merits. Lyle v. Jabe, No. 89-71785-DT (E.D. Mich. Apr. 23, 1990); appeal dismissed No. 90-1563/1586 (6th Cir. June 6, 1990); cert. denied 498 U.S. 906 (1990). The third habeas

1

petition, which petitioner seeks to reopen, was also denied on the merits. Lyle v. Burke, No. 96-70653 (E.D. Mich. Mar. 27, 1997)(Gilmore, J.); appeal dismissed No. 97-2125 (6th Cir. Apr. 28, 1998); rehearing en banc denied (6th Cir. June 26, 1998); cert. denied 525 U.S. 899 (1998).

In 1999. Petitioner filed a motion to reinstate his third habeas petition, as well as several other motions. Petitioner's motions were construed as a second or successive habeas petition and transferred to the Sixth Circuit pursuant to 28 U.S.C.§ 2244(b)(3)(A). The Sixth Circuit dismissed the case for want of prosecution because petitioner failed to attach copies of the opinions or reports in his prior habeas cases to his motion. In Re Lyles, No. 00-1398 (6th Cir. May 26, 2000).

The Sixth Circuit has three times denied Petitioner permission to file a successive petition for writ of habeas corpus. In re Lyle, No. 08-1714 (6th Cir. Nov. 5, 2008); In re Lyles, No. 11-1288 (6th Cir. Aug. 17, 2011); In re Lyles, No. 14-1463 (6th Cir. Oct. 21, 2014).[1]

In 2014, Petitioner filed a motion to reinstate the petition to the Court's active docket. This motion was considered a successive collateral challenge to petitioner's 1984 conviction and was transferred to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). The Sixth Circuit denied petitioner permission to file a successive habeas petition. In re Lyles, No. 14-2522 (6th Cir. Apr. 27, 2015).

In 2015, petitioner filed yet another motion to reinstate the petition for writ of habeas corpus to the Court's active docket, which was transferred on November 12, 2015 to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). The Sixth Circuit again denied petitioner permission to file a successive habeas petition. In re Lyles, No. 15-2397 (6th Cir. Sept. 1, 2016).

---

[1] Petitioner's name has been spelled differently in the different opinions. In some opinions, the district court or Sixth Circuit has referred to Petitioner as "Lyle" while in other opinions, he is referred to as "Lyles." Because this Court spells Petitioner's name in conformity with how it was spelled in each referenced order, the discrepancy in the spelling is intentional.

Petitioner has once again filed two motions, in which he once again seeks to reopen his 1996 habeas petition in order to challenge his 1984 conviction.

## II. DISCUSSION

Petitioner filed several prior petitions for a writ of habeas corpus challenging his 1984 convictions for first-degree murder and assault with intent to murder. Petitioner has been denied habeas relief twice and has been denied permission numerous times by the Sixth Circuit to file a successive habeas petition.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. Felker v. Turpin, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. See Hervey v. United States, 105 F. Supp. 2d 731, 735 (E.D. Mich. 2000) (citing Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999)).

Petitioner acknowledges in his motion to reopen that he already sought and was denied permission to file a successive habeas petition based on the grounds that he seeks to raise again in his current motion – specifically his claims that he has newly discovered evidence that another suspect committed the murder, that an incomplete set of Rule 5 materials was not provided by the district court clerk to the Sixth Circuit when Petitioner appealed the denial of his habeas petition, that his trial counsel was ineffective for failing to bring Petitioner before the state trial court so

3

that he could accept a plea bargain to a lesser charge, and that trial and appellate counsel were ineffective. A review of the Sixth Circuit's various prior orders shows that Petitioner was denied permission to file a successive petition on these grounds.

A district court lacks the authority to reinstate a habeas petitioner's second or successive petition for writ of habeas corpus after the Court of Appeals declines to grant petitioner leave to file such a petition. See White v. Carter, 27 F. App'x. 312, 313-314 (6th Cir. 2001). This is consistent with 28 U.S.C. § 2244(b)(3)(E), which states that the grant or denial of an authorization to file a second or successive habeas corpus petition "shall not be appealable." Further, it shall not be subject for a petition for a rehearing or for a petition for a writ of certiorari. In re King, 190 F. 3d 479, 480-481 (6th Cir. 1999).

The Court recognizes that when a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court should normally transfer the petition to the United States Court of Appeals for the Sixth Circuit for that court to determine under 28 U.S.C. § 2244(b)(3)(A) whether petitioner should be granted permission to file a successive petition. See In re Sims, 111 F.3d 45, 47 (6th Cir.1997).

This Court declines to transfer the current motions to the Sixth Circuit because Petitioner has already been denied permission by the Sixth Circuit to file successive petitions on the grounds that he again seeks to advance in his current motions. The interests of justice would not be served by again transferring these motions to the Sixth Circuit for that court to yet again deny Petitioner permission to file a successive petition for the same reasons that it previously denied Petitioner permission to file a second petition. See Bird v. Wyoming Dep't of Corr. State Penitentiary Warden, 693 F. App'x. 762, 765 (10th Cir. 2017) (finding that the district court did not abuse its discretion when it dismissed habeas petition, rather than transfer petition to court of appeals for it

to consider authorization of habeas petitioner's successive claim, since transfer would have been futile, in that Court of Appeals had recently denied authorization for another version of same claim by petitioner); Padilla v. Miner, 150 F. App'x. 116, 117 (3d Cir. 2005) (commenting that transfer of habeas petition from district court to court of appeals, pursuant to statute permitting transfer to cure want of jurisdiction, would not be in the interest of justice, where the petitioner had once before asked Court of Appeals for authorization to raise identical claims). In White v. Carter, 27 F. App'x. at 313-314, the Sixth Circuit affirmed the district court's dismissal of a habeas petitioner's motion to reinstate his habeas petition after the Sixth Circuit had denied the petitioner permission to file a second habeas petition, without requiring the district court to transfer that motion for reinstatement to the Court of Appeals for authorization to file a successive petition. In light of the fact that Petitioner has already been denied permission by the Sixth Circuit to file a successive petition on the claims raised in his current motions, there is no need to transfer these motions yet again to the Sixth Circuit.

Accordingly, this Court denies the motion to reopen, for Rule 60(b) relief from judgment, and to compel (Dkt. 71), and the motion for summary judgment (Dkt. 72).

SO ORDERED.

Dated: May 28, 2019             s/Mark A. Goldsmith
     Detroit, Michigan          MARK A. GOLDSMITH
                                                   United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2019.

                                                                           s/Karri Sandusky
                                                                           Case Manager