UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER L. LYLE,

        Petitioner,

v.                                 Civil Action No.
                                   96-CV-70653–DT

LUELLA BURKE,                HONORABLE MARK A. GOLDSMITH

        Respondent,
_____/

## OPINION AND ORDER DENYING PETITIONER A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

This Court denied Petitioner's motion to reopen, for Rule 60(b) relief from judgment, and to compel, in which Petitioner asked to reinstate his third petition for writ of habeas corpus. Petitioner again sought to challenge his 1984 convictions for first-degree felony murder and assault with intent to commit murder. This Court denied the motions because petitioner had been denied permission several times by the United States Court of Appeals for the Sixth Circuit to file a successive habeas petition (Dkt. 74). The Court subsequently denied Petitioner's motion to alter or to amend judgment (Dkt. 78).

Petitioner filed a notice of appeal from both decisions (Dkt. 80). The case has been docketed by the Sixth Circuit. See Lyle v. Horton, No. 20-1562 (6th Cir.). The Sixth Circuit has requested this Court to determine whether or not to grant a certificate of appealability or leave to appeal in forma pauperis.

Petitioner has not filed a motion for a certificate of appealability. Petitioner's notice of appeal, however, may be construed as a request for a certificate of appealability. See Luberda v. Trippett, 211 F. 3d 1004, 1006 (6th Cir. 2000); Hilliard v. United States, 157 F.3d 444, 447 (6th Cir. 1998).

1

This Court denied Petitioner's motion to reopen, the Rule 60(b) motion, and the motion for summary judgment because Petitioner, by his own admission, was seeking to reinstate his old habeas petition on grounds that the Sixth Circuit had already rejected when it denied Petitioner leave to file a successive habeas petition. In the absence of authorization from the Sixth Circuit to file a successive habeas petition, this Court did not have jurisdiction over Petitioner's motions because they amounted to an unauthorized successive petition.

A district court lacks the authority to reinstate a habeas petitioner's second or successive petition for writ of habeas corpus after the Court of Appeals declines to grant the petitioner leave to file such a petition. See White v. Carter, 27 F. App'x 312, 313 (6th Cir. 2001). This is consistent with 28 U.S.C. § 2244(b)(3)(E), which states that the grant or denial of an authorization to file a second or successive habeas corpus petition "shall not be appealable." Further, it shall not be subject for a petition for a rehearing or for a petition for a writ of certiorari. In re King, 190 F.3d 479, 480 (6th Cir. 1999).

This Court thus lacks jurisdiction to grant a certificate of appealability on the merits of petitioner's motion to reopen, Rule 60(b) motion, and related motion for summary judgment, because petitioner has yet to obtain permission from the Sixth Circuit to file a successive habeas petition with respect to these claims. See Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir. 2007). A certificate of appealability is denied with respect to these motions.

This Court analyzed Petitioner's motion to alter or amend judgment as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. See Hence v. Smith, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). Local Rule 7.1(h) allows a party to file a motion for reconsideration. However, a motion for reconsideration that presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. Ford Motor Co. v. Greatdomains.com, Inc., 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the

2

court and the parties have been misled and shows that correcting the defect will lead to a different disposition of the case.  See, e.g., United States v. Wall, 230 F. Supp. 3d 771, 773 (E.D. Mich. 2017).

This Court denied Petitioner's motion to alter or amend judgment, because he was again asking this Court to do what it cannot do, namely, reinstate Petitioner's third habeas petition after the Sixth Circuit denied him permission to file a successive petition.  Petitioner's motion to alter or to amend judgment was denied, because petitioner was presenting issues that were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied his prior motion to reopen the petition.  See Hence, 49 F. Supp. 2d at 553.

A certificate of appealability is required to appeal the denial of a motion for reconsideration or to alter or amend judgment in a habeas case.  See, e.g., Amr v. U.S., 280 F. App'x 480, 486 (6th Cir. 2008).  This Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of Petitioner's motion for reconsideration and motion to alter or amend judgment to be debatable.

Petitioner is denied a certificate of appealability from the denial of his motions.  Petitioner is denied leave to appeal in forma pauperis, because the appeal would be frivolous.  See Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

The Court declines to issue Petitioner a certificate of appealability or leave to appeal in forma pauperis.

**SO ORDERED**.

Dated:  August 6, 2020               s/Mark A. Goldsmith
         Detroit, Michigan                 MARK A. GOLDSMITH
                                           United States District Judge

3

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 6, 2020.

                                            s/Karri Sandusky
                                            Case Manager